UNITED STATES of America

v.

Jane E. TOLBERT, Defendant.

Crim. No. 94–265 SSH.

United States District Court,
District of Columbia.

July 13, 1995.

Assistant U.S. Atty. Steven W. Pelak, Washington, DC, for plaintiff.

John W. Karr, Washington, DC, for defendant.

## ORDER

STANLEY S. HARRIS, District Judge.

Before the Court is defendant's "Motion To Increase Sentence of Imprisonment Nunc Pro Tunc." The government has advised the Court that it does not oppose defendant's motion. However, because the Court lacks jurisdiction to act on defendant's request, defendant's motion to increase her sentence is denied.

Defendant was sentenced by the Court on February 13, 1995, to twelve months' incarceration. She began serving her sentence on April 17, 1995, at FCI Butner. Shortly thereafter, defendant was told that she was ineligible for "good conduct" credit toward early release because her sentence did not exceed one year.[1] Defendant subsequently filed this motion to increase her sentence by one day.

■ Fed.R.Crim.P. 35 provides that a district court may alter a sentence in three circumstances only. First, it may correct a sentence that is determined on appeal to be

---

1. 18 U.S.C. § 3624(b) provides that a prisoner "who is serving a term of imprisonment of more than one year ... shall receive credit toward the service of the prisoner's sentence ... of fifty-four days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term...." The Bureau of Prisons applies 18 U.S.C. § 3624(b) in a manner which allows prisoners sentenced to a term of incarceration of one year and one day to be released 47 days earlier than prisoners sentenced to one year's incarceration. Decl. of Theodore S. Allison in Support of Motion to Increase Sentence at 1, and attachments. While this Court seriously questions the validity of the BoP's interpretation of the statute, that is not before the Court, nor is it relevant to the Court's resolution of the more narrow legal question presented by the motion.

unreasonable, to have been imposed in violation of law, or to have been imposed as a result of an incorrect application of the sentencing guidelines. Fed.R.Crim.P. 35(a). Second, a court may reduce a sentence after the imposition of the sentence, on motion of the government, if the defendant subsequently provides substantial assistance to the government. Fed.R.Crim.P. 35(b). Third, a court may correct a sentence "imposed as a result of arithmetical, technical, or other clear error," within seven days after the imposition of sentence. Fed.R.Crim.P. 35(c).

■ Outside of these three circumstances, the Court lacks the authority to review and/or correct lawfully imposed sentences. *See United States v. Apple,* 962 F.2d 335, 337 (4th Cir.1992) (noting that a sentencing court "no longer has the authority to reduce a sentence under other circumstances") (citing *United States v. Hallam,* 723 F.Supp. 66, 70 (N.D.Ind.1989)); *United States v. Hernandez,* 1992 WL 43126, 1992 U.S.Dist. LEXIS 1446 (D.D.C. Feb. 13, 1992) (noting that "the government has not requested a reduction in sentence, and thus the court has no authority under the Federal Rules of Criminal Procedure to grant defendant's motion"). It is true that defendant is not requesting a reduction in her sentence, but an increase, although somewhat perversely the increase apparently would result in a decrease. Nonetheless, the requested increase in defendant's sentence is not a "correction" of her sentence, and in any event this Court now lacks the power either to "correct" or to modify her sentence. Accordingly, defendant's motion to increase her sentence is denied.[2]

SO ORDERED.

---

**2.** In the interest of completeness, the Court notes that it believed at the time of sentencing, and believes now, that the sentence of one year was appropriate.