UNITED STATES of America

v.

Dion A. JONES, Defendant.

Criminal Action No. 93–0154–01(JHG).

United States District Court,
District of Columbia.

April 30, 1997.

Dion A. Jones, pro se.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

Presently pending is Defendant Dion A. Jones' Motion for Enlargement of Time to File Motion to Vacate and Set Aside Sentence/Conviction. For the reasons outlined below, his Motion will be denied.

### I. Background

This background information is taken from Mr. Jones' motion and the record in this case, and is not disputed. After a three-day jury trial before Senior Judge Dale E. Saffels of the District of Kansas, then sitting by designation in this circuit,[1] in June 1993, Mr. Jones was convicted of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a) & 841(b)(1)(B)(iii), and possession with intent to distribute narcotics within 1000 feet of a school, in violation of 21 U.S.C. § 860(a). On September 14, 1993, Mr. Jones was sentenced to 135 months incarceration on each count to be served concurrently. Three days later, he appealed his sentence and, in November 1994, the United Stated Circuit Court of Appeals for the District of Columbia affirmed his conviction under 21 U.S.C. § 860(a), but vacated his conviction under 21 U.S.C. § 841. *United States v. Jones,* 43 F.3d 712 (D.C.Cir.1994) (unpublished table decision); *see* 1994 WL 665111 (D.C.Cir.1994) (unpublished memorandum decision). The Supreme Court denied certiorari. *Jones v. United States,* 514 U.S. 1031, 115 S.Ct. 1391, 131 L.Ed.2d 243 (Mar. 20, 1995).

In May 1995, Jones. through counsel, filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate the conviction that had been affirmed by the Court of Appeals. After briefing by both parties, this Court denied his motion because Jones had failed to raise his constitutional argument at trial or on appeal. Mem. Op. & Order (Nov. 28, 1995). Again, Jones appealed. However, on October 31, 1996, the Court of Appeals dismissed his appeal for lack of prosecution.

Finally, on April 28, 1997, Jones filed a *pro se* Motion for Enlargement of Time to File Motion to Vacate and Set Aside Sentence/Conviction. In that motion, he notes that the Anti–Terrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for filing § 2255 motions and recognizes that that Act may mean that he "must file his Section 2255 Motion before April 24, 1997." However, without any explanation of exigent circumstances, he asks for an extension of 120 days in which to file his § 2255 motion.

### II. Discussion

■ Section 105 of the Antiterrorism and Effective Death Penalty Act ("AEDPA" or "the Act") amends 28 U.S.C. § 2255 to require that

A second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain

(1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Antiterrorism and Effective Death Penalty Act of 1996 § 105, 28 U.S.C. § 2255 (1996). As amended by the Act, § 2244 states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

---

1. This case was reassigned to Judge Joyce Hens Green by the Calendar Committee on November 11, 1995.

application." 28 U.S.C. § 2244 (1996). Because Mr. Jones' right to file a second § 2255 motion must initially be addressed by the Court of Appeals rather than by this Court, it is logical (although not specifically expressed in the Act) that the Court of Appeals is also the appropriate forum to address his motion for an extension of time within which to file that second § 2255 motion. Therefore, his motion for an extension of time pending before this Court must be dismissed.

■ Alternatively, even were this Court considered the proper forum in which to address the motion for extension of time to a file a second § 2255 motion, the motion would be dismissed as untimely. Section 105 of the Act amends 28 U.S.C. § 2255 to provide that:

A 1–year period of limitation shall apply to a motion under [§ 2255]. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Antiterrorism and Effective Death Penalty Act of 1996 § 105, 28 U.S.C. § 2255 (1996). Section 101 of the Act imposes the same "1–year period of limitation" on applications for writs of habeas corpus by persons in state custody. *Id.* at § 101, 28 U.S.C. § 2244(d)(1) (1996). The Act, however, contains no clear language either requiring or prohibiting retroactive application of these periods of limitations. President Clinton signed the AEDPA into law on April 24, 1996. Statement by President William J. Clinton upon Signing S.1965, 32 WEEKLY COMP. PRES. DOC. 719, 1996 U.S.C.C.A.N. 961–1 (Apr. 24, 1996).

This Circuit has not yet addressed the retroactive applicability of AEDPA Section 101 or 105. However, several other circuits have determined that, when a prisoner's conviction became final before enactment of the AEDPA, application of the 1–year period of limitation to his "motion *without first affording him a reasonable time to bring his claim* [would be] impermissibly retroactive." *United States v. Simmonds*, 111 F.3d 737, 745 (10th Cir.1997) (§ 2255 motion) (emphasis added); *see Calderon v. United States Dist. Ct.*, 112 F.3d 386, 389–90 (9th Cir.1997) (habeas petition); *United States v. Lopez*, 100 F.3d 113, 116–17 (10th Cir.1996) (§ 2255 motion); *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir.1996) (en banc) (habeas petition) *cert. granted in part* —— U.S. ——, 117 S.Ct. 726, 136 L.Ed.2d 643 (Jan. 10, 1997). However, according to these courts, one year from the date of AEDPA's enactment is a "reasonable time for prisoners to bring § 2255 motions [or habeas petitions]" when the prisoner's "convictions became final before the Antiterrorism and Effective Death Penalty Act took effect." *Simmonds*, 111 F.3d at 745; *Calderon*, 112 F.3d at 390 ("Beeler . . . has at least until April 23, 1997, to file his habeas petition"); *Lindh*, 96 F.3d at 866 ("no collateral attack filed by April 23, 1997, may be dismissed under § 2244(d) and the parallel provision added to 28 U.S.C. § 2255 by § 105 of the 1996 Act"). Therefore any prisoner whose conviction became final before enactment of the AEDPA must file his § 2255 motion on or before April 23, 1997, or the motion is time-barred under the Act.

On April 28, 1997, Mr. Jones filed, not a § 2255 motion, but a motion for an extension of time in which to file such a motion, seeking an additional 120 days in which to file his § 2255 motion. Mr. Jones' conviction was certainly final by March 20, 1995, the date on which the Supreme Court denied his petition for writ of certiorari. *Jones v. United States*, 514 U.S. 1031, 115 S.Ct. 1391, 131 L.Ed.2d 243 (Mar. 20, 1995). Therefore, because Mr. Jones' conviction was final before the AEDPA was enacted and he failed to file his intended § 2255 motion on or before

April 23, 1997, his motion is untimely and will be denied.[2]

### III. Conclusion

For the reasons expressed above, it is hereby

**ORDERED** that Jones' motion shall be and hereby is denied.

IT IS SO ORDERED.

---

2. In his motion, Mr. Jones provided no reasons to support his request for an extension. Nonetheless, whatever those reasons might have been, the determinative fact is that he did not even file his request for an extension in a timely fashion. With regard to extensions of time under the AEDPA, the Ninth Circuit has stated that "[e]quitable tolling will not be available in most cases, an extension of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time. We have no doubt that the district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." *Calderon,* 112 F.3d at 391. Without taking a position on the *Calderon* tolling decision, this Court notes that that decision is inapplicable in this case both because Mr. Jones failed to request an extension in a timely fashion and because he has indicated no "extraordinary circumstances."