UNITED STATES of America, Appellee,

v.

Kendrick Albert CICERO, *a/k/a* Kenny, *a/k/a* Albert Kenrich Cicero, *a/k/a* Paul Haynes, *a/k/a* Diamond, Appellant.

United States of America, Appellee

v.

Ian A. Thorne, Appellant

Nos. 99–3029 & 99–3041.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 2, 2000.

Decided June 16, 2000.

A. J. Kramer, Federal Public Defender, argued the cause for appellants. With him on the briefs was Evelina J. Norwinski, Assistant Federal Public Defender.

John R. Fisher, Assistant U.S. Attorney, argued the cause for appellee. With him on the briefs was Wilma A. Lewis, U.S. Attorney. Mary-Patrice Brown, Assistant U.S. Attorney, entered an appearance.

Before: EDWARDS, Chief Judge, GINSBURG and SENTELLE, Circuit Judges.

Opinion for the Court filed by Circuit Judge GINSBURG.

GINSBURG, Circuit Judge:

Kendrick Cicero and Ian Thorne filed separate appeals presenting the same questions: Must a prisoner whose conviction became final before April 24, 1996—the effective date of the Antiterrorism and Effective Death Penalty Act of 1996—raise any challenge to his conviction or to his sentence, pursuant to 28 U.S.C. § 2255, within one year of the effective date of the Act? If so, is that time limitation subject to equitable tolling? And if it is, then is either appellant entitled to such tolling based upon the equity of his case?

We hold first that a prisoner whose conviction became final prior to April 24, 1996 must have filed his § 2255 motion within one year of that date. Further, we hold that regardless whether this limitation is subject to equitable tolling—a question we need not decide today—the cases before us do not warrant such relief.

### I. Background

Prior to the effective date of the AEDPA a prisoner could challenge his conviction or sentence as a violation of the Constitution of the United States by filing a motion under 28 U.S.C. § 2255 at almost any time. *See Mickens v. United States*, 148 F.3d 145, 146 (2d Cir.1998). As amended by that Act, paragraph six of § 2255 now limits the time in which a prisoner may bring such a motion as follows:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Messrs. Cicero and Thorne ask us to excuse the tardiness of their motions on the ground that they were impeded from timely filing their § 2255 motions by government actions beyond their control. They do not, however, claim that the Government acted unlawfully.

## A. Cicero's Case

Mr. Cicero was convicted in 1992 of possession with intent to distribute and of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841 and 846. He received concurrent sentences of 240 months of incarceration and five years of supervised release, as well as a fine and a special assessment. Mr. Cicero appealed and this court affirmed his convictions. *See United States v. Cicero,* 22 F.3d 1156 (D.C.Cir.), *cert. denied,* 513 U.S. 905, 115 S.Ct. 270, 130 L.Ed.2d 188 (1994).

Mr. Cicero states that he began working on a motion challenging his conviction and sentence in 1996. His work was interrupted several times that year, however. In October 1996, Mr. Cicero was stabbed by another inmate; he spent five days in the hospital and was then placed in protective segregation for an unspecified period. During this time, Mr. Cicero had access to the prison library for only one hour approximately every three weeks. On April 14, 1997, prison officials packed Mr. Cicero's possessions, including his legal papers, in anticipation of his transfer to a different facility. He did not arrive there and regain his possessions until June 20.

Mr. Cicero signed and mailed his § 2255 motion on July 24, 1997. The district court clerk's office received it on July 28. The district court dismissed Mr. Cicero's motion as untimely because he had failed to file it before expiration of the one year grace period running from the effective date of the AEDPA. Mr. Cicero appeals, claiming he was prevented from timely filing by acts of the Government, that is, of prison officials, beyond his control.

## B. Thorne's Case

Mr. Thorne was convicted in 1991 of possession with intent to distribute and of conspiracy to distribute and to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841 and 846. He was sentenced to 151 months of incarceration and five years of supervised release, and on appeal we affirmed his conviction. *See United States v. Thorne,* 997 F.2d 1504 (D.C.Cir.1993).

Mr. Thorne states that in November 1995, after several unsuccessful attempts to obtain from his attorney discovery materials and other documents related to his case, he petitioned the district court to compel their release. In March 1996 the district court ordered Mr. Thorne's attorney to provide him with a copy of his case file, and Mr. Thorne submitted a motion seeking the transcript of argument in the appeal of his codefendant. In December 1996 the court denied Mr. Thorne's request for the transcript, reasoning that the appeal was a matter of public record and Mr. Thorne had not demonstrated that he could not otherwise obtain a copy of the transcript.

Mr. Thorne further states that he had been working on his § 2255 motion with a "jailhouse lawyer" named Muhammad Al'Askari, and that their progress was

halted when Mr. Al'Askari was placed in segregation some time prior to April 24, 1997. Mr. Thorne's legal papers were packed and stored with Mr. Al'Askari's possessions during the period of his segregation, which ended early in June. Mr. Thorne gave his § 2255 motion to prison officials for mailing on June 11 and the motion was filed in the district court on June 24. The district court dismissed Mr. Thorne's motion as untimely because it was submitted more than one year after the effective date of the AEDPA. Mr. Thorne requested reconsideration and asked the court equitably to toll the time limitation. The court declined, stating that although the time limitation in § 2255 is subject to equitable tolling, Mr. Thorne had not alleged facts that would warrant tolling in his case. On appeal Mr. Thorne argues that the time limitation in § 2255 is subject to equitable tolling and that tolling is warranted in his case.

## II. Analysis

We consider first application of the time limitation in § 2255 to a prisoner whose conviction became final before the effective date of the AEDPA. We address this issue *de novo*. *See Moore v. United States*, 173 F.3d 1131, 1133 (8th Cir.1999). Second, we consider whether, assuming the time limit in § 2255 is subject to equitable tolling, it should be tolled in the cases before us.

### A. One Year Grace Period

■ We need not linger long over the first issue. The parties agree, as do our sister Circuits, that a prisoner whose conviction became final before the AEDPA was enacted has a one year grace period from the date of enactment in which to file a motion under § 2255. *See Rogers v. United States*, 180 F.3d 349, 354 (1st Cir. 1999); *Mickens v. United States*, 148 F.3d 145, 148 (2d Cir.1998); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir.1998); *Brown v. Angelone*, 150 F.3d 370, 374–75 (4th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir.1998); *Brown v. O'Dea*, 187 F.3d 572, 576–77 (6th Cir.1999); *O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir.1998); *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir.1999); *United States v. Valdez*, 195 F.3d 544, 546 (9th Cir.1999); *United States v. Simmonds*, 111 F.3d 737, 746 (10th Cir.1997); *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir.1998). This unanimity of view reflects, no doubt, that without such a grace period a prisoner convicted before the effective date of the AEDPA, when there was no time limitation for filing a § 2255 motion, would be denied a reasonable time within which to bring a claim before losing the right to do so. *See Flores*, 135 F.3d at 1003–06. In any event, the grace period expired on April 24, 1997. *See Rogers*, 180 F.3d at 355; *Mickens*, 148 F.3d at 148; *Villegas v. Johnson*, 184 F.3d 467, 469 & n. 1 (5th Cir.1999); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999); *Moore*, 173 F.3d at 1135; *Simmonds*, 111 F.3d at 746; *but cf. Morton*, 134 F.3d at 112 (grace period expires April 23, 1997); *Angelone*, 150 F.3d at 375–76 (same); *O'Connor*, 133 F.3d at 550 (same); *Valdez*, 195 F.3d at 546 (same); *Goodman*, 151 F.3d at 1337 (same); *United States v. Jones*, 963 F.Supp. 32, 34–35 (D.D.C.1997) (same).

Although Messrs. Cicero and Thorne were entitled to the benefit of the grace period, neither appellant filed his § 2255 motion within the period allowed. Their motions will be deemed timely, therefore, only if that time limitation may be equitably tolled in their cases.

### B. Equitable Tolling

■ Unless the Congress has provided otherwise, courts generally apply a rebuttable presumption that a statute of limitation is subject to equitable tolling. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Although most of the circuits that have considered the questions have concluded that § 2255 is a statute of

limitation and that it is subject to equitable tolling, *see Kapral v. United States,* 166 F.3d 565, 575 (3d Cir.1999); *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000); *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir.1999); *Calderon v. United States Dist. Court (Calderon),* 128 F.3d 1283, 1289 (9th Cir.1997); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998); *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir.1999); *cf. also Moore,* 173 F.3d at 1134 (holding § 2255 is statute of limitation in case where equitable tolling was not at issue), the Seventh Circuit has questioned this conclusion even while applying it to a petition filed under § 2254, *see Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir.1999) (in view of "express tolling provisions [of 28 U.S.C. § 2244(d)(1)] it is unclear what room remains for importing the judge-made doctrine of equitable tolling"), and at least one district court has disagreed entirely, *see Giles v. United States,* 6 F.Supp.2d 648, 649 (E.D.Mich.1998) (concluding that § 2255 is a limit on jurisdiction of court, not a statute of limitations, and therefore is not subject to equitable tolling).\*

The circuits holding that § 2255 is subject to equitable tolling have announced some general principles for determining whether the facts in a particular case justify tolling the limitation. Equitable tolling, which is to be employed "only sparingly" in any event, *see Irwin,* 498 U.S. at 96, 112 L.Ed.2d 435, has been applied in the context of the AEDPA only if " 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *See Calderon,* 128 F.3d at 1288. In

the last-quoted case the court equitably tolled the time limit in § 2244(d)(1) because the prisoner's lead counsel had withdrawn from the representation after accepting employment in another state and his successor as counsel was unable to use his work product. *See also Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999) (equitably tolling time limit where prisoner submitted petition for mailing five days before deadline and petition was returned to him after deadline had passed).

The Fifth Circuit has suggested several circumstances in which equitable tolling is not warranted. The prisoner's ignorance of the law or unfamiliarity with the legal process will not excuse his untimely filing, nor will a lack of representation during the applicable filing period. *See Fisher,* 174 F.3d at 714–15; *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.1999). In addition, the court will not relieve a petitioner who has sat upon his rights. *See Coleman v. Johnson,* 184 F.3d 398, 402–03 (5th Cir. 1999).

As it turns out, we need not decide today whether § 2255 is subject to equitable tolling because neither Mr. Cicero nor Mr. Thorne has alleged such "extraordinary circumstances" as to warrant equitable tolling in any event.

1. Cicero's Case

▆▆ Mr. Cicero claims that he first learned of the one year limitation in the AEDPA in October 1996 when he filed a § 2255 motion while he was in protective segregation. He continued work on the § 2255 motion he had begun earlier that year, although he was hampered by re-

---

\* Some of the cited cases consider whether a court may equitably toll the time limitation in 28 U.S.C. § 2254, which applies to postconviction motions filed by state prisoners. Courts have generally applied the same analysis to the time limitations in § 2254 and § 2255. *See Flores,* 135 F.3d at 1002 n. 7 ("Because of the similarity of the actions under sections 2254 and 2255, they have traditionally been read *in pari materia* where the context does not indicate that would be improper"); *but cf. Hoggro v. Boone,* 150 F.3d

1223, 1226 (10th Cir.1998) (noting that unlike § 2255, § 2254 is tolled for time spent pursuing post-conviction relief in state court, and suggesting that "the apparently firm deadline of April 24, 1997, in [*United States v. Simmonds,* 111 F.3d 737 (10th Cir.1997)] is appropriate only for motions ... under § 2255"); *Paige v. United States,* 171 F.3d 559, 561 (8th Cir.1999) (citing *Hoggro* for proposition that equitable tolling is available in § 2254 cases but not in § 2255 cases).

duced access to the prison law library due to his segregation. His work was interrupted from April 14 until sometime in June 1997 while he was separated from his legal papers during a transfer between prisons—an interruption caused by prison officials whose conduct was beyond his control. Mr. Cicero concedes that his transfer and incidental separation from his papers were not unlawful, and therefore do not implicate § 2255 ¶ 6(2). He asserts, nonetheless, that the time to file should be tolled because the Government's action—rather than his own inaction—caused him to miss the filing deadline.

Mr. Cicero's conviction became final in 1994. He had from then until April 24, 1997 to prepare a § 2255 motion. Although he has identified several impediments to his work on the motion during the last six months of the grace period, Mr. Cicero has not suggested that he was prevented from working on the motion at any time before that period. In *Miller*, 141 F.3d at 978, the court considered whether to toll the time limitation in § 2244(d) for a state prisoner who was convicted in 1993 and in 1995 was transferred to a private correctional institution that did not have the law books relevant to his case. It was not until the prisoner was returned to a state institution, after the one year grace period had expired, that he learned of the time limitation. *Id.* Because the prisoner's lack of access to legal materials from 1995 to 1997 "[did] not explain [his] lack of pursuit of his federal claims before the transfer," the Tenth Circuit did not toll the time limitation.

Mr. Cicero, too, had ample time in which to complete his motion. Although his work may have been interrupted during the final months of the grace period, we cannot say that Mr. Cicero presents such "extraordinary circumstances" as to warrant equitable tolling.

2. Thorne's Case

■ Mr. Thorne also argues that his § 2255 motion was untimely for reasons

beyond his control. He began work on his motion in 1995; his work was delayed in part by the district court's lengthy consideration of his requests for documents, the last of which the court resolved in December 1996. In the spring of 1997, however, Mr. Thorne unfortunately gave his legal papers to a jailhouse lawyer whose placement in segregation separated Mr. Thorne and his papers from some time before the expiration of the one year grace period until after the filing deadline had passed.

The district court declined to toll the limitation for Mr. Thorne because "[t]here has been no showing here that the defendant diligently pursued the filing of his motion." The Court explained its reasoning as follows:

> It is unclear when [Mr. Al'Askari] was placed in administrative segregation. For example, [Mr. Al'Askari] may have been placed in administrative segregation just prior to [the deadline], or shortly before that date. It is not clear what, if any, action the defendant took to have the papers returned to him. Moreover, the defendant has not stated why he did not request an extension of time from the Court within which to file his motion.

Mr. Thorne acknowledges that he never asked the prison officials to return his legal documents, but he claims that such a request would have been futile because one inmate was not permitted to retrieve the property of another after it had been packed up due to a segregation order. He did not file a motion for an extension of time, he says, because he was unaware that he could do so. Mr. Thorne argues that before dismissing his motion as untimely the district court should have sought additional information regarding what steps he might have taken to regain possession of his papers. He asks us either to toll the time limitation or at least to remand his case to the district court for further factfinding.

Mr. Thorne has not given us sufficient reason to take either step. He was not

prejudiced by the district court's delay in deciding his requests for documents, as the court ruled upon his motions well in advance of the deadline for filing his § 2255 motion. Further, he entrusted Mr. Al'Askari with his legal documents at his peril. *See, e.g., Paige v. United States,* 171 F.3d 559, 561 (8th Cir.1999) (equitable tolling not available to prisoner whose petition, prepared by an inmate in a different prison, was delayed in mail); *Henderson v. Johnson,* 1 F.Supp.2d 650, 655 (N.D.Tex. 1998) (equitable tolling denied to prisoner to whom fellow inmate had fraudulently represented that he had timely filed petition for him). We agree with the district court, therefore, that Mr. Thorne has not alleged any circumstances surrounding the untimeliness of his § 2255 motion so compelling as to warrant tolling the time limit.

### III. Summary and Conclusion

Prisoners whose convictions became final prior to the effective date of the AEDPA had until April 24, 1997 to file a motion for relief under § 2255. We do not decide whether this limitation is generally subject to equitable tolling because even if it is we would not toll the limitation in either of the cases before us. The judgments of the district court are therefore

*Affirmed.*