UNITED STATES of America, Plaintiff–Appellee,

v.

Danny L. BRITTAIN, Defendant–Appellant.

No. 01–3365.

United States Court of Appeals, Tenth Circuit.

April 26, 2002.

1. Mr. Gault's motion for leave to proceed on appeal in forma pauperis is denied.

Before SEYMOUR, HENRY and BRISCOE, Circuit Judges.

ORDER AND JUDGMENT [*]

SEYMOUR, Circuit Judge.

Danny Brittain, a pro se federal prisoner, sued under 28 U.S.C. § 2255, challenging on various grounds his conviction and sentence under a guilty plea to conspiracy to manufacture methamphetamine. The district court concluded that the petition was not timely and that Mr. Brittain had failed to show circumstances justifying equitable tolling. The court denied Mr. Brittain's request for a certificate of appealability (COA). Mr. Brittain appeals and renews his request for a COA.

When, as here,

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see also Gibson v. Klinger,* 232 F.3d 799, 802 (10th Cir.2000). Both showings must be made and courts are "allow[ed] and encourag[ed] to first resolve procedural issues." *Slack,* 529 U.S. at 485, 120 S.Ct. 1595.

■■■ Mr. Brittain's section 2255 petition is governed by AEDPA, which establishes a one-year limitation period for federal prisoners seeking habeas relief. *See* 28 U.S.C. § 2255. It is undisputed that although Mr. Brittain's judgment of conviction became final no later than April 8, 2000, his section 2255 motion was not filed until June 18, 2001, well over one year later. In response to the government's assertion that his action was not timely, Mr. Brittain, who is allegedly legally blind, contended the limitation period should be equitably tolled because he was hindered in his attempt to file by numerous transfers between prisons after his incarceration and by the fact that none of the institutions to which he was transferred had legal materials for the visually impaired.[1]

"AEDPA's one-year statute of limitations is subject to equitable tolling but only 'in rare and exceptional circumstances.'" *Gibson,* 232 F.3d at 808 (quoting *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir.1998)). This equitable remedy is only available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied,* 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001). Mr. Brittain has the burden of establishing that equitable tolling should apply. *See Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998) (refusing to apply equitable tolling because petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims").

The district court ruled that Mr. Brittain's allegations were insufficient to invoke equitable tolling here. The court concluded that transfers to and from various prisons were not exceptional circumstances and, while inconvenient, did not rise to such a level that they prevented Mr. Brittain from timely filing. The court also concluded that Mr. Brittain's allegations regarding the inadequacies of the available legal materials for inmates with visual impairments were likewise insufficient. Accordingly, the court declined to exercise its equitable powers to toll the limitation period.

■■■ We review a district court's decision with respect to equitable tolling for an abuse of discretion. *See Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir.1999). "Equitable tolling, which is to be employed

1. Mr. Brittain also contended that AEDPA's limitation period is an unconstitutional suspension of the writ of habeas corpus when applied to first habeas petitions. *See* U.S. Const. art. I, § 9, cl.2. Although the district court did not address this argument, we have rejected it under circumstances substantially similar to those in this case. *See Miller v. Marr,* 141 F.3d 976 (10th Cir.1998).

only sparingly in any event, has been applied in the context of the AEDPA only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *United States v. Cicero,* 214 F.3d 199, 203 (D.C.Cir.2000) (citation and internal quotations omitted). "Moreover, a petitioner must diligently pursue his federal habeas claims...." *Gibson,* 232 F.3d at 808. Mr. Brittain's allegations, when measured against these standards, are not a sufficient basis for applying equitable tolling. Significantly, he has failed to demonstrate that he diligently pursued his claims. Indeed, he has not alleged that he even attempted to do so during the relevant period. Moreover, he has not explained in what way his prison transfers actually made it impossible for him to file on time, or to describe how the deficiencies in the legal materials available to him were inadequate in view of his visual impairment. *See, e.g., Miller,* 141 F.3d at 978. Accordingly, we conclude that the district court did not abuse its discretion in refusing to equitably toll the period.[2]

Because we hold that there is no debatable issue as to whether the district court was correct in its procedural ruling, *see Slack,* 529 U.S. at 478, 120 S.Ct. 1595, we decline to consider whether Mr. Brittain's petition states a valid claim of the denial of a constitutional right. We DENY Mr. Brittain's request for a certificate of appealability and DISMISS the case.

---

**2.** Mr. Brittain also contends that the one-year period should be tolled during the time he was in state custody following his federal conviction because he was not "in custody under sentence of a [federal] court" for purposes of filing a section 2255 petition. *See* 28 U.S.C. § 2255. However, section 2255 plainly provides that the one-year period shall run from the date the judgment of conviction becomes final regardless of a petitioner's custody status. Moreover, Mr. Brittain has failed to demonstrate that his transfers between state and federal custody made it impossible for him to timely file during the time he was in federal custody.

Mr. Brittain also appears to assert a claim for denial of access to the courts on the basis of his allegation that the various prisons at which he was incarcerated did not provide adequate legal materials for the visually impaired. Such a claim is properly brought as a *Bivens* action rather than as a request for habeas relief under section 2255. Even if we were to construe this claim as a civil rights action under *Bivens,* however, Mr. Brittain has failed to allege actual injury as required by *Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) ("an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."). The Court in *Lewis* made clear that the actual injury requirement applies to all inmates, even those with special needs. *See id.* at 356, 116 S.Ct. 2174.