**Brian Antonio THOMAS, Petitioner–Appellant,**

v.

**David SMITH, Respondent–Appellee.**

No. 01–2393.

United States Court of Appeals, Sixth Circuit.

Oct. 24, 2002.

Before MARTIN, Chief Judge; NELSON and RYAN, Circuit Judges.

ORDER

Brian Antonio Thomas, a pro se Michigan prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1992, a jury convicted Thomas of (1) assault with intent to do great bodily harm less than murder and (2) second degree murder. Thomas was sentenced to con-

current terms of five to ten years and twenty-five to thirty-seven and one-half years, respectively. The Michigan Court of Appeals affirmed Thomas's convictions and sentences on appeal, and the Michigan Supreme Court denied leave to appeal. On May 9, 1997, Thomas filed a motion for relief from judgment. On January 15, 1998, the trial court denied Thomas's motion for relief from judgment, and it denied his motion for reconsideration on April 2, 1998. On April 1, 1999, Thomas filed a delayed application for leave to appeal to the Michigan Court of Appeals, attempting to appeal the denial of his motion for relief from judgment. On April 29, 1999, the Michigan Court of Appeals denied the motion as untimely, and the Michigan Supreme Court denied leave to appeal on February 29, 2000.

On March 4, 2000, Thomas allegedly gave his § 2254 habeas petition to prison officials for mailing to the court. The petition was received on March 9, 2000, and it was filed on March 30, 2000. In his petition and supporting brief, as amended, Thomas argued that: 1) the trial court violated his Fifth and Fourteenth Amendment rights when it denied his motion for a separate trial; 2) the trial court violated his Fifth and Fourteenth Amendment rights when it permitted the introduction of hearsay testimony that Thomas had threatened a prosecution witness; 3) the trial court violated his Fourteenth Amendment rights when it permitted the surprise production of a prosecution witness; 4) the trial court violated his right to present a defense when it prevented him from eliciting testimony indicating that the murder victim had been involved in an earlier altercation; 5) the trial court violated his right to a jury trial when it excused a juror over the defense's objection; 6) the trial court violated his Fourteenth Amendment rights when it admitted into evidence photographs of the crime scene and the vic-

tim's wounds; 7) the trial court acted improperly in permitting the prosecutor to reopen his case-in-chief to permit testimony from two prosecution witnesses; 8) he did not receive effective assistance from his trial counsel; 9) there was insufficient evidence to support his second-degree murder conviction; and 10) the cumulative effect of the errors at trial rendered his trial fundamentally unfair. The respondent filed a motion to dismiss the petition as untimely. Upon review, the district court concluded that Thomas's § 2254 petition was untimely, but it proceeded to the merits of Thomas's claims because it determined that Thomas was entitled to equitable tolling of the statute of limitations. The court concluded that Thomas's first five claims lacked merit and that he had not shown cause and prejudice to excuse the procedural default of his claims numbered 6–10. Hence, it dismissed the petition.

Thomas has filed a timely appeal, essentially reasserting his claims. He also argues that the district court should not have raised the "procedural default" defense sua sponte and that the court did not afford him an opportunity to respond to the defense. In addition, he argues that the district court should have held a hearing on his claim that an instruction in violation of *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), had been given during his trial. Thomas moves this court for the appointment of counsel. In response, the respondent has argued that the district court acted improperly in denying its motion to dismiss Thomas's § 2254 petition as untimely.

Upon review, we affirm the district court's judgment, but for different reasons than those relied on by the district court. *City Mgmt. Corp. v. U.S. Chem. Co.,* 43 F.3d 244, 251 (6th Cir.1994) (this court

may affirm on any grounds supported by the record).

The district court should not have denied the respondent's motion to dismiss Thomas's § 2254 petition as untimely. The district court concluded that Thomas was entitled to equitable tolling of the statute of limitations because he had diligently pursued his rights in the state courts, because the respondent had not alleged any prejudice, and because Thomas was reasonably confused concerning the correct time period for appealing the denial of his motion for relief from judgment. This conclusion was erroneous.

The parties do not dispute that unless the running of the one-year limitations period was tolled, Thomas's § 2254 petition was untimely. The limitations period began to run on August 13, 1996 (the day Thomas's convictions became final). It was tolled from May 9, 1997, when Thomas filed his motion for relief from judgment, to January 16, 1999, the last day to appeal the trial court's denial of that motion. Having begun to run again on January 16, 1999, the limitations period expired on or about April 21, 1999. When Thomas filed his § 2254 petition in March of 2000, he was thus more than 10 months out of rule. Thomas's untimely appeal from the denial of his motion for relief from judgment had no effect on the limitations period. The trial court erred in concluding that Thomas was entitled to equitable tolling as to the time between the last day to appeal the denial of relief from judgment and the day that the Michigan Supreme Court disposed of his untimely appeal of the denial.

This court has identified five factors to be considered when determining the appropriateness of equitably tolling a statute of limitations: 1) the petitioner's lack of notice of the filing requirement; 2) the petitioner's lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the respondent; and 5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Id.* at 1008. The fourth factor may only be considered if other factors of the test are met. *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir.1988). Equitable tolling of the AEDPA's one-year statute of limitations is only appropriate where " 'extraordinary circumstances' beyond a prisoner's control make it impossible for him to file a petition on time." *United States v. Cicero,* 214 F.3d 199, 203 (D.C.Cir.2000); *see also Sluder v. United States,* No. 98–5158, 1998 WL 940246 (6th Cir. Dec.23, 1998) ("Even if we assume, without deciding, that the § 2255 limitations period can be tolled, we are unpersuaded that Sluder's right to file a § 2255 motion was in any way abridged by forces beyond his control.").

Thomas's case presents none of the "rare and exceptional" circumstances that would entitle him to equitable tolling of the applicable statute of limitations. Thomas has not established that any circumstances existed which were beyond his control and made it impossible for him to file his petition in a timely fashion. His appeal from the denial of his motion for relief from judgment was untimely, and Thomas did not allege that the state created an impediment to a timely appeal. Thomas alleges confusion over the appropriate time to appeal, but that does not excuse his failure to timely appeal from the denial of his motion for relief from judgment. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir.1999); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998). Finally, because Thomas has not established any of the remaining *Dunlap* factors, the district court should not have considered whether the respondent had alleged or established any prejudice. *Andrews,* 851 F.2d at 151. The district court should have dismissed Thomas's

§ 2254 petition as untimely under the AEDPA's one-year statute of limitations.

Accordingly, we deny the appointment of counsel and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.