**Lorenzo J. BAYLOR, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Criminal Action No. 94–0251 (RMU).**
**Civil Action No. 02–0293 (RMU).**

United States District Court,
District of Columbia.

April 26, 2004.

Lauren S. Kahn, McLean, VA, Robert Weston Mance, III, Washington, DC, for Defendant.

Veronice Annette Holt, Washington, DC, for Movant and Defendant.

Janice Kaye Myhand, U.S. Attorney's Office, Linda Otani McKinney, U.S. Attorney's Office, Peter V. Taylor, U.S. Attorney's Office, Robert D. Okun, United States Attorney's Office, Carolyn K. Kolben, U.S. Attorney's Office, Washington, DC, for Plaintiff.

### MEMORANDUM OPINION

URBINA, District Judge.

#### DENYING THE PETITIONER'S MOTION FOR RELIEF

### I. INTRODUCTION

This case comes before the court on the petitioner's motion for relief from his drug-trafficking conviction pursuant to Federal Rule of Criminal Procedure 35 or, in the alternative, 28 U.S.C. § 2255. The petitioner claims that his conviction was unconstitutional because the question of drug quantity was not submitted to the jury for determination beyond a reasonable doubt. He also asserts that the sentencing judge incorrectly sentenced him by taking into account acquittal conduct in determining the sentencing guideline ranges. Because the petitioner has neither met the jurisdictional requirement of Rule 35, nor timely filed his section 2255 challenge under the applicable statute of

limitations, the court denies the petitioner's motion for relief.

## II. BACKGROUND

On November 1, 1994, a jury found the petitioner guilty of conspiracy to distribute 50 grams or more of cocaine base, unlawful distribution of five grams or more of cocaine base, and unlawful distribution of five grams or more of cocaine base within 1000 feet of a school. Pet'r's Mot. for Relief ("Pet'r's Mot.") at 1–2. Specifically, the evidence showed that the petitioner supplied 21.431 grams of cocaine base to a dealer who sold the narcotics to an undercover police officer. *Id.* at 5. Over the defense's objection, when the case was submitted to the jury, the Judge Gasch instructed the jurors that the actual amount of drugs involved was not an issue for their consideration. *Id.* at 6.

Judge Gasch determined that the relevant amount of cocaine base for purposes of sentencing was 110 grams. *Id.* at 8. This amount included quantities involved in charges for which the jury acquitted the petitioner. *Id.* Based on the sentencing guideline range, Judge Gasch imposed a term of imprisonment of 240 months on each count to run concurrently. *Id.* at 2.

The petitioner then appealed his conviction to the D.C. Circuit. The circuit affirmed his convictions on the conspiracy and distribution counts but remanded the case for resentencing in light of the district court's "merger of the distribution counts with the schoolyard statute drug possession counts." *United States v. Baylor,* 97 F.3d 542, 543 (D.C.Cir.1996). Upon remand, the case was reassigned to Judge Harris, who issued an amended judgment on October 1, 1997, again sentencing the defendant to 240 months on each count to run concurrently. *Id.* at 10. The petitioner's counsel, however, did not receive a copy of the amended judgment and failed to take further steps to check the record. *Id.* Two years later, the petitioner's counsel contacted the court and learned of the amended judgment. *Id.* The petitioner's counsel conveyed this information to the petitioner in a letter dated August 22, 2000. *Id.* at 11. Almost a year later, the petitioner filed the instant motion.

## III. ANALYSIS

### A. Legal Standard for Relief Under Rule 35 and 28 U.S.C. § 2255

Federal Rule of Criminal Procedure 35 [1] authorizes a court to correct or reduce a sentence in three circumstances. Subsection (a) authorizes a district court to correct a sentence that the court of appeals has determined "to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable, upon remand of the case to the court." *United States v. Stiefel,* 207 F.3d 256, 259 (5th Cir.2000) (quoting FED. R.CRIM.P. 35(a) (1998) (repealed 2002)). Under subsection (b), upon "a motion by the Government made within one year after imposition of the sentence," a court may " 'reduce a sentence to reflect a defendant's subsequent, substantial assistance.' " *United States v. Blackwell,* 81 F.3d 945, 948 (10th Cir.1996) (quoting FED. R.CRIM.P. 35(b)). Finally, subsection (c) allows a court to act within seven days of imposing a sentence to correct an arithmetical or technical mistake, or other clear error. *Id.* "Outside of these three circumstances, the Court lacks the authority to

---

1. The standard set forth applies to the version of Rule 35 in existence prior to its amendment in 2002. Because the petitioner's sentencing occurred in 1997, the court applies Rule 35 as it existed in 1997. *E.g., United*

*States v. Arrous,* 320 F.3d 355, 359 (2d Cir. 2003) (applying the former version of Rule 35 when the defendant's sentencing predated the effective date of the 2002 amendments).

review and/or correct lawfully imposed sentences." *United States v. Tolbert,* 893 F.Supp. 1, 2 (D.D.C.1995).

■■■ While Rule 35 serves the narrow function of allowing correction of technical errors in a sentence, 28 U.S.C. § 2255 addresses claims of illegal sentences and is used as "a means of collateral attack upon the proceedings that precede the sentence." 3 Charles A. Wright, Nancy J. King & Susan R. Klein, FED. PRAC. & PROC. CRIM. 3d § 582. A petitioner may challenge the validity of his imposed sentence under 28 U.S.C. § 2255. 28 U.S.C. § 2255; *see also United States v. Marshall,* 440 F.2d 195, 200 (D.C.Cir.1970) (MacKinnon, J., concurring in part and dissenting in part) (noting that a petitioner may question the validity of his sentence by filing a section 2255 motion before the trial court); *Gomori v. Arnold,* 533 F.2d 871, 875 (3d Cir.1976) (stating that a challenge to an imposed federal sentence falls under section 2255, while a challenge to a sentence executed by federal prison and parole authorities comes under section 2241). Section 2255 authorizes the sentencing court to discharge or resentence a prisoner if the court concludes that it was without jurisdiction to impose the sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979) (citing *United States v. Hayman,* 342 U.S. 205, 216–17, 72 S.Ct. 263, 96 L.Ed. 232 (1952)). A petitioner can collaterally attack his sentence under section 2255 where the sentencing judge made an "objectively ascertainable error." *King v. Hoke,* 825 F.2d 720, 724–25 (2d Cir.1987) (citing *Addonizio,* 442 U.S. at 187, 99 S.Ct. 2235). Nevertheless, the petitioner seeking to vacate his sentence shoulders the burden of sustaining his contentions by a preponderance of the evidence. *United States v.*

*Simpson,* 475 F.2d 934, 935 (D.C.Cir.1973); *Wright v. United States,* 624 F.2d 557, 558 (5th Cir.1980); *United States v. DiCarlo,* 575 F.2d 952, 954 (1st Cir.1978); *Crail v. United States,* 430 F.2d 459, 460 (10th Cir.1970); *Miller v. United States,* 261 F.2d 546, 547 (4th Cir.1958). Relief under section 2255 is an extraordinary remedy. *Addonizio,* 442 U.S. at 184, 99 S.Ct. 2235; *United States v. Pollard,* 959 F.2d 1011, 1020 (D.C.Cir.1992); *United States v. Hodges,* 156 F.Supp. 313, 314 (D.D.C. 1957).

**B. The Court Denies the Petitioner's Motion for Relief Under Rule 35**

■■■ As this case is not being heard upon a motion by the Government and does not seek to correct a technical error, only Rule 35(a) would be applicable. The court concludes, however, that subsection (a) does not provide the defendant an avenue of relief because the case is not "upon remand" from the court of appeals. FED. R.CRIM.P. 35(a); *see also Blackwell,* 81 F.3d at 948 (deeming subsection (a) inapplicable where the case was not on remand to the district court). Although the petitioner did appeal his sentence and the D.C. Circuit did remand the case, the district court disposed of the remanded case in 1997. Pet'r's Mot. at 9–10. Thus, the court's power to resentence the petitioner under Rule 35(a) expired when the remanded case concluded in 1997. Because the petitioner's case does not fall within the parameters of Rule 35, the court denies his the motion for relief on that basis.

**C. The Court Denies the Petitioner's Motion for Relief Under 28 U.S.C. § 2255**

**1. The Petitioner Filed His Claim After the Expiration of the Statute of Limitations**

■■■ The court also denies the petitioner's motion for relief under section 2255

because the one-year statute of limitations for filing a section 2255 claim has expired. Before the passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 1996, a petitioner could file a motion for relief at almost any time. *United States v. Cicero*, 214 F.3d 199, 200 (D.C.Cir.2000). In contrast, the AEDPA imposed a one-year statute of limitations for section 2255 motions. *Id.* The one-year period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* (quoting 28 U.S.C. § 2255). None of the statute's four approaches brings the petitioner within the statute of limitations.

The first approach, measuring one year from the date which the judgment became final, does not assist the petitioner. Section 2255 does not state explicitly when a judgment becomes final, and the D.C. Circuit has not addressed the issue of when the statute of limitations begins to run in situations where the petitioner had not appealed the district court's ruling. However, other circuits have found that the statute begins to run on the date when the defendant can no longer appeal the case. *See, e.g., Sanchez–Castellano v. United States*, 358 F.3d 424, 427 (6th Cir.2004) (concluding that a judgment that the defendant has not appealed to the court of appeals becomes final once the time for filing an appeal passes); *United States v. Colvin*, 204 F.3d 1221, 1225 (9th Cir.2000) (holding that when a court of appeals reverses a conviction or sentence in part or in whole, and expressly remands the case to the district court, the judgment does not become final until the district court enters its amended judgment and the time for appealing that judgment expires). This rationale is consistent with the Supreme Court's holding that, in cases where a court of appeals has issued a judgment and no writ of certiorari is filed, the decision becomes final for purposes of section 2255 on the date when the opportunity to file a writ of certiorari expires. *Clay v. United States*, 537 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). In this case, the district court issued its amended judgment on October 1, 1997. The petitioner therefore would have had to file his section 2255 motion by no later than October 10, 1998. The petitioner, however, did not file his motion until July 2, 2001, almost three years after the amended judgment became final. Thus, the petitioner's claim is untimely under the first approach to calculating the statute of limitations period.

■ The second approach also is inapplicable to the petitioner. If there is a government—created obstacle to filing a motion, then the statute of limitations period begins tolling when that obstacle is removed. 28 U.S.C. § 2255. In this case, the petitioner does not assert that any such impediment existed. *See generally* Pet'r's Mot.

■ Under the third approach, the limitations period expires one year after the Supreme Court recognizes and makes retroactive the right being asserted by the petitioner. 28 U.S.C. § 2255. In this case, the petitioner argues that the court should retroactively apply the right recognized in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435

(2000). Pet'r's Mot. at 13–17. Even assuming *arguendo* that *Apprendi* does create a retroactive right, the court still would deem the petitioner's motion untimely because the Supreme Court decided *Apprendi* on June 26, 2000, and the petitioner did not file his motion for relief until July 2, 2001, or seven days after the statute of limitations expired.

Finally, the fourth approach to measuring the one-year statute of limitations does not apply because the petitioner does not allege that his motion is based on the discovery of new facts. 28 U.S.C. § 2255; *See generally* Pet'r's Mot.

### 2. Equitable Tolling Does Not Apply to the Petitioner's Claim

 Although the petitioner does not explicitly argue that the principle of equitable tolling tolls the running of the statute of limitations, out of an abundance of caution, the court considers this possibility. The D.C. Circuit has not addressed whether equitable tolling applies in section 2255 cases. *Cicero,* 214 F.3d at 200. The circuit has stated, however, that if equitable tolling does apply to section 2255 petitions, it takes effect only if " 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Id.* at 203 (citing *Calderon v. United States Dist. Court,* 128 F.3d 1283, 1289 (9th Cir.1997)). Sitting on one's rights, lack of representation, and ignorance of the law are not "extraordinary circumstances." *Id.* (finding no "extraordinary circumstances" where a petitioner who, as a result of being stabbed, spent five days in the hospital and an unspecified amount of time in segregation with restricted library access) (citations omitted). Rather, the circumstances must be such that it would be impossible for the prisoner to file the petition on time. *Id.* Ignorance of the law does not qualify as such a circumstance. *Id.* Instead, the stated justification must be something akin to petitioner's

counsel withdrawing from the case and the successor counsel being unable to use the previous attorney's work product. *Id.*

In the present case, Judge Harris issued the amended judgment in 1997. Pet'r's Mot. at 11. Neither the petitioner nor his lawyer, however, were made aware of the amended judgment before August 2000, at which point the one-year statute of limitations had already expired. *Id.* Arguably, this delay could be attributed to the petitioner's counsel for failing to follow-up with the court at any time during the three years following the remand. But even if counsel were at fault, this rationale would not justify equitably tolling the one-year statute of limitations. *See Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir.1999) (holding that even a lawyer's mistake in calculating the limitations for filing a habeas corpus petition did not toll AEDPA's one-year statute of limitations).

### IV. CONCLUSION

For all these reasons, the court denies the petitioner's motion for relief. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this _____ day of April 2004.