989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Donald William FRASER, Defendant-Appellant.
 No. 92-5062.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 14, 1992
Decided: March 22, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CR-91-181-S)
 William C. Brennan, Jr., Knight, Manzi, Brennan, Ostrom & Ham, P.A., Upper Marlboro, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Christopher B. Mead, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER, MURNAGHAN, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Donald William Fraser was convicted by a jury of possession of an unregistered firearm (a sawed-off shotgun) in violation of 26 U.S.C.A. §§ 5841, 5845, 5861(d), 5871 (West 1989) (Count One), three counts of being a convicted felon in possession of a firearm in violation of 18 U.S.C.A. § 922(g) (West Supp. 1992) (Counts Two through Four), and distribution of cocaine in violation of 21 U.S.C.A. § 841 (West Supp. 1992) (Count Five). He appeals his conviction and sentence. We affirm.
 
 
 2
 Fraser unknowingly dealt with an undercover agent of the Drug Enforcement Administration (DEA) and a confidential informant for several months. Fraser brought one-eighth of an ounce of cocaine to a party given by the agent and distributed gram quantities to other guests. He sold the agent two firearms, a sawed-off shotgun, and a semi-automatic pistol. After the second sale, Fraser had a long recorded conversation with the agent in which he discussed his past drug use, his experience in drug dealing and his ambition to make money selling drugs, and said he had recently sold four ounces of cocaine.
 
 
 3
 The agent accompanied Fraser and other members of his motorcycle gang from their clubhouse in Maryland to West Virginia on a camping trip. Fraser rode his motorcycle to West Virginia and had a friend drive his truck, in which two firearms were transported-an assault rifle and a semi-automatic pistol like the one the agent had bought from Fraser. The agent testified at trial that when they arrived in West Virginia Fraser cleaned and dried the rifle, which had gotten wet during the trip, and kept both guns in his tent. A photograph of the rifle drying on Fraser's motorcycle was introduced into evidence.
 
 
 4
 After his conviction, Fraser was sentenced to 300 months as an armed career criminal. 18 U.S.C.A. § 924(e) (West Supp. 1992); United States Sentencing Commission, Guidelines Manual, § 4B1.4 (Nov. 1990).
 
 
 5
 On appeal, Fraser first challenges his convictions. He maintains that the district court erred in refusing to give his requested jury instruction on reasonable doubt and in denying his motion to acquit on the ground that venue was not proved for Count Four. We find no error in the denial of the requested instruction. The district court acted in accord with decisions of this Court which have instructed district courts to avoid definitions of reasonable doubt unless the jury specifically asks for one. See, e.g., United States v. Adkins, 937 F.2d 947, 950 (4th Cir. 1991).
 
 
 6
 To show proper venue, the government must prove by a preponderance of the evidence that the crime was begun, continued, or completed in the district where the trial is held. United States v. Griley, 814 F.2d 967 (4th Cir. 1987). The agent testified that the two guns which Fraser was charged with possessing were in his truck when the gang members assembled in Maryland for the trip to West Virginia. This evidence was sufficient for the jury to find by a preponderance of the evidence that Fraser had possessed the two guns, either actually or constructively, in Maryland at the start of the trip. The district court did not err in denying the motion to acquit.
 
 
 7
 Fraser attacks his sentence by alleging first that due process, equal protection, and the Eighth Amendment were violated when the district court found him an armed career criminal by considering two 1979 burglary convictions which were too old to be counted in computing his criminal history category. We have held that the use of "old" convictions under § 924(e) does not violate the Eighth Amendment. United States v. Crittendon, 883 F.2d 326 (4th Cir. 1989). The Third Circuit has held that all prior convictions without restriction may be considered under § 924(e), and that no constitutional provision prohibits such an interpretation. United States v. Preston, 910 F.2d 81 (3d Cir. 1990), cert. denied, 59 U.S.L.W. 3563 (U.S. 1991); see also United States v. Alvarez, 972 F.2d 1000, 1006 (9th Cir. 1992) (no limit on age of prior convictions); United States v. Rush, 840 F.2d 580, 582 (8th Cir. 1988) (armed career criminal sentence not a violation of Eighth Amendment). Therefore, the district court did not err in considering the 1979 convictions.
 
 
 8
 Finally, we find no merit in Fraser's contention that the district court erred in determining the amount of drug involved in the distribution count. The government has the burden of proving the amount by a preponderance of the evidence. United States v. Powell, 886 F.2d 81 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990). Fraser testified that he was only playing a role and boasting when he told the agent in the recorded conversation that he had recently sold four ounces of cocaine. Fraser's girlfriend testified at sentencing that he was prone to brag. However, the district court found that Fraser's statement to the agent, made while the offense was being committed, was more reliable evidence than his later characterization of it. The court therefore determined that four ounces of cocaine was the amount which should be considered relevant conduct in calculating his offense level. This factual finding is not clearly erroneous. United States v. Goff, 907 F.2d 1441 (4th Cir. 1990).
 
 
 9
 Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED