Donald William **FRASER**

v.

**UNITED STATES of America.**

United States of America

v.

Donald William Fraser.

No. Civ. S 99–1306.
No. CR. S 91–0181.

United States District Court,
D. Maryland.

May 7, 1999.

Helen Wang, Philadelphia, MD, for Donald William Fraser, petitioner.

Lynne A. Battaglia, U.S. Attorney, Christpher B. Mead, Assistant U.S. Attorney, Baltimore, MD, for United States of America, respondent.

## *MEMORANDUM OPINION*

SMALKIN, District Judge.

The defendant was convicted, after trial, on a number of counts, among them

charges of unlawful possession of firearms and drug distribution. He was sentenced as an armed career criminal under 18 U.S.C. § 924(e). The sentence was imposed January 17, 1992. On direct appeal, his conviction was affirmed. *United States v. Fraser*, 989 F.2d 496 (Table), 1993 WL 79100 (4th Cir.1993). No *certiorari* review was sought from the Supreme Court of the United States.

Mr. Fraser filed his first (and present) motion for relief under 28 U.S.C. § 2255 on May 6, 1999. The petition was filed both after the one-year period following enactment of the AEDPA recognized in *Brown v. Angelone*, 150 F.3d 370 (4th Cir. 1998), and well beyond the one-year period after the defendants' judgment of conviction became final.

The present motion, filed by counsel, is time-barred on its face, but counsel argues therein for postponed accrual under 28 U.S.C. 2255(4), claiming that the one-year period of limitations in this case did not begin until some unspecified time after "June of 1997," when defendant retained his present counsel, Ms. Wang, who commenced researching his situation and later "discovered" that there may be a basis under Wisconsin law for discounting several of Mr. Fraser's prior convictions under 18 U.S.C. § 921(a)(20), which provides, in pertinent part, that certain convictions that have been the subject of civil rights restoration are not to be considered as predicate offenses under Section 924(e).

■ The difficulty with counsel's position is that the postponed accrual provision of Section 2255(4) does not postpone the accrual of limitations based on a *pro se* litigant's or an attorney's belated discovery or realization of the *legal consequences* of known facts. Rather, postponed accrual is in order only if the *facts* themselves supporting a legal claim were undiscoverable in a timely fashion, despite due diligence.

■ In this case, there can be no question that it was a matter of historical fact, well known to Mr. Fraser, that he re-

ceived, on his discharge from the Wisconsin prison where he had served his sentence for the convictions in question, a "certificate that stated '[A]ny civil rights lost as a result of such judgments of conviction are restored by virtue of this discharge.'" *See* Motion at p. 4.

The *fact* upon which the present motion is based is that Mr. Fraser's 1981 discharge restored his civil rights. Whether anyone—be it Mr. Fraser or any of his prior attorneys—appreciated the legal effect of the fact that he had received the 1981 discharge prior to Ms. Wang's having appreciated it is quite beside the point. If Congress had meant for the timely filing provision of Section 2255, as amended by the AEDPA, to be tolled because a defendant or his counsel did not appreciate the legal consequences of known facts, it could have—and would have—said so. It did not. Indeed, it is a well-recognized principle in analogous postponed accrual contexts that it is knowledge of facts, not their legal consequences, that causes the statute to start running. *See, e.g., United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979) (FTCA).

Thus, because Mr. Fraser indisputably knew in 1981 that his civil rights had been restored in Wisconsin, having been given a certificate to that effect, the postponed accrual provision of 28 U.S.C. § 2255(4) is inapplicable to this case. The limitations provision added to Section 2255 by the AEDPA was obviously meant to entail the filing of motions, like this one, years after the judgment was rendered, thus embracing the finality that judgments must be accorded in any rational legal system.

Therefore, an Order will be entered separately, summarily denying and dismissing the present motion, pursuant to Rule 4(b), Rules Governing Section 2255 Proceedings, in that it plainly appears from the face of the motion that the movant is not entitled to relief in this Court.

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is, this 7th day of May, 1999, by the Court, ORDERED:

1. That the present motion of Donald William Fraser for relief pursuant to 28 U.S.C. § 2255 BE, and it hereby IS, summarily DENIED and DISMISSED, pursuant to Rule 4(b), Rules Governing Section 2255 Proceedings; and

2. That the Clerk of Court mail copies hereof to counsel for the parties.