**UNITED STATES of America,**

v.

**Jonathan J. POLLARD, Defendant.**

**No. CR. A. 86–0207(NHJ).**

United States District Court,
District of Columbia.

Aug. 7, 2001.

2

Eliot Lauer, Curtis, Mallet-Prevost, Colt & Mosle, Washington, DC, for defendant.

## MEMORANDUM OPINION

NORMA HOLLOWAY JOHNSON, Chief Judge.

Presently before the Court is the motion of defendant for resentencing pursuant to

28 U.S.C. § 2255. Upon review of the motion and the government's response thereto, the Court finds that this motion must be certified by a panel of the appropriate Court of Appeals, as required by 28 U.S.C. § 2244(b)(3). Accordingly, this Court declines to consider the motion at this time. However, assuming arguendo, that the certification requirements do not apply to defendant, this Court does find that his motion must be dismissed because it falls outside of the statute of limitations.

## I. Background

On June 4, 1986, defendant pled guilty to one count of conspiracy to commit espionage in violation of 18 U.S.C. § 794(c). On March 4, 1987, defendant was sentenced to a term of life imprisonment by the Honorable Aubrey Robinson. Defendant was represented at these proceedings by Attorney Richard Hibey.

On March 12, 1990, defendant, through counsel Hamilton P. Fox, III, filed a motion to withdraw his guilty plea pursuant to 28 U.S.C. § 2255. Defendant alleged both that the government breached its plea agreement in this case and that his plea was not voluntary. On September 11, 1990, Judge Robinson denied the § 2255 motion of defendant. *See United States v. Pollard,* 747 F.Supp. 797 (D.D.C.1990). Defendant appealed this decision to the United States Court of Appeals for the District of Columbia Circuit. On appeal, defendant was represented by Theodore Olson, John H. Sturc, Theodore J. Boutrous, Jr., and Hamilton P. Fox, III. On March 20, 1992, the D.C. Circuit affirmed the decision. *See United States v. Pollard,* 959 F.2d 1011 (D.C.Cir.1992). The United States Supreme Court denied defendant's petition for certiorari on October 13, 1992. *See Pollard v. United States,* 506 U.S. 915, 113 S.Ct. 322, 121 L.Ed.2d 242 (1992).

On September 20, 2000, defendant filed the instant motion for resentencing, which is his second motion filed pursuant to 28 U.S.C. § 2255. In this motion, defendant claims that he was denied the effective assistance of counsel because of inadequate representation during sentencing and because counsel failed to file a notice of appeal from defendant's conviction and sentence.[1]

## II. Discussion

The Court will address first whether the second motion of defendant must be certified by a panel of the appropriate Court of Appeals before this Court can entertain it. Then, assuming arguendo, that the certification requirements do not apply to defendant, this Court will address whether the motion must be dismissed because it falls outside of the statute of limitations.

## A. Certification by the Court of Appeals

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) states in relevant part: "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to

---

1. Defendant requests that an evidentiary hearing be held. Such a hearing is only required if the motion raises " 'detailed and specific' factual allegations whose resolution requires information outside of the rec-

ord...." *Pollard,* 959 F.2d at 1031 (citation omitted). The Court finds that the instant motion does not meet this standard and, thus, denies the request for a hearing.

cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255.

■ Defendant filed his first § 2255 motion before the enactment of AEDPA and his second § 2255 motion after the enactment of AEDPA. Because one motion was filed before the enactment of AEDPA and the other motion after, the Court confronts the unique question of whether the certification requirements of AEDPA apply to the second motion of defendant. The D.C. Circuit addressed this question in *United States v. Ortiz*, 136 F.3d 161, 166 (D.C.Cir. 1998), and held: "[T]he new standards and procedures under AEDPA for filing § 2255 motions could only be improperly retroactive as applied to [defendant] if he would have met the former cause-and-prejudice standard under *McCleskey* and previously would have been allowed to file a second § 2255 motion, but could not file a second motion under AEDPA." Thus, before considering the merits of defendant's second § 2255 motion, the Court must first determine whether the AEDPA requirement of certification by the Court of Appeals applies.

The Supreme Court stated in *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), that a procedural default will only "be excused upon a showing of cause and prejudice." To show cause, a defendant must show that " 'some objective factor external to the defense impeded counsel's efforts' to raise the claim ..." *Id.* (citations omitted). To show prejudice, a defendant must demonstrate " 'actual prejudice' resulting from the errors of which [the petitioner] complains." *Id.* at 494, 111 S.Ct. 1454 (citation omitted).

The Court will now determine whether defendant meets the *McCleskey* standard. To meet the *McCleskey* standard, defendant is required to demonstrate both cause

and prejudice. *See id.* at 493, 111 S.Ct. 1454. Because the Court finds that defendant fails to demonstrate cause, it will not proceed to the determination of whether there is actual prejudice demonstrated by defendant. *See Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) ("[T]he Court could not have been clearer that *both* cause and prejudice must be shown ...").

Defendant argues that he demonstrates cause because Mr. Fox, the lawyer who filed his first § 2255 motion, failed to disclose to defendant the availability of an ineffective assistance of counsel claim. Defendant states that "had [he] known in 1990 that he had a claim for ineffective assistance of counsel, he would have insisted that [Mr. Fox] assert it [in his first § 2255 motion]." Memorandum of Law in Support of Pollard's § 2255 Motion for Resentencing (Def.Memo.), at 64. According to defendant, he did not have knowledge of such a claim because "Fox was laboring under a self-imposed restraint that prevented him from telling Pollard the truth." Def. Memo., at 64. Defendant elaborates:

> The only explanation for Fox's puzzling unwillingness to criticize Hibey's performance is that Fox was *personally* reluctant to attack or embarrass a professional colleague. However well-intentioned Fox may have been, the result was that the 1990 Motion was a cynical charade in which outwardly it appeared that the sentencing process was receiving full scrutiny, while in reality such scrutiny could not occur because Fox was whitewashing Hibey's failures.

Def. Memo., at 9. Thus, defendant maintains that it is the self-imposed restraint of Mr. Fox to criticize Mr. Hibey that caused the failure to raise the ineffective assistance of counsel claim in defendant's first § 2255 motion.

The Court finds that defendant has failed to demonstrate cause for the procedural default for three reasons. First, the cause standard in *McCleskey* requires defendant to demonstrate that " 'some objective factor external to the defense impeded counsel's efforts' " to raise the claim. *McCleskey*, 499 U.S. at 493, 111 S.Ct. 1454 (citation omitted). Objective factors include, but are not limited to, interference by officials, the inability to raise a claim because it was not reasonably available to counsel, and constitutionally ineffective assistance of counsel. *See id.* at 493–94, 111 S.Ct. 1454. Defendant asserts that his lack of knowledge of the availability of an ineffective assistance of counsel claim—caused by Mr. Fox's self-imposed restraint to criticize trial counsel—is an objective factor external to the defense and, thus, meets the cause standard in *McCleskey*.

It appears to the Court that this allegation by defendant constitutes, if true, ineffective assistance of counsel. The Court assumes that defendant is arguing that it is this constitutionally deficient representation by Mr. Fox that constitutes an objective factor external to the defense and, thus, cause for his procedural default.[2] Therefore, the Court must analyze whether defendant demonstrates ineffective assistance of counsel. If he does, then he has demonstrated an objective factor external to the defense, which is required to show cause. However, if he does not, then the Court must find that he has not demonstrated cause.

 The Court finds that defendant does not meet his burden of demonstrating ineffective assistance of counsel based on

the facts alleged. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (requiring defendant to show for an ineffective assistance of counsel claim that (1) counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment, and (2) "the deficient performance prejudiced the defense," which requires showing that "counsel's errors were so serious as to deprive the defendant of a fair trial"). Defendant offers insufficient proof that Mr. Fox's conduct was deficient. *See United States v. Pinkney*, 543 F.2d 908, 916 (D.C.Cir. 1976) ("a motion charging ineffective assistance of counsel must set forth evidence upon which the elements of a constitutionally deficient performance might properly be found."); *see also United States v. Poston*, 902 F.2d 90, 98 (D.C.Cir.1990) (motion alleging ineffective assistance of counsel requires a showing of specific acts that are deficient and prejudicial). Also, the Court will not second guess a strategy of defense counsel without proof that the choices of counsel were not reasonable. *See U.S. v. Catlett*, 97 F.3d 565, 571 (D.C.Cir.1996) (this Court "will not second guess reasonable choices by defense counsel."). Thus, the Court finds that defendant did not demonstrate that " 'some objective factor external to the defense impeded counsel's efforts' " to raise the claim. *McCleskey*, 499 U.S. at 493, 111 S.Ct. 1454.

Second, even if the Court were to accept that the alleged lack of knowledge of defendant caused by counsel's actions consti-

---

**2.** The Court recognizes that defendant may be asserting that Mr. Fox's failure to criticize Mr. Hibey is an objective factor unto itself. However, the Court seriously doubts whether Mr. Fox's fear of professional ostracism rises to the level of an objective factor external to the defense. The Court fails to see how such a restraint on behalf of Mr. Fox would be an external impediment to the defense. Even if the Court considers it an objective factor external to the defense, the Court finds that defendant fails to offer sufficient proof as a matter of law to support his allegation.

tutes an objective factor, defendant has offered grossly insufficient proof that Mr. Fox was actually laboring under a self-imposed restraint that prevented him from criticizing Mr. Hibey. Defendant hypothesizes that this restraint must have been the cause of Mr. Fox's failure to inform defendant of a possible ineffective assistance of counsel claim. However, the Court cannot rely merely on hypothetical suppositions proposed by defendant.

Defendant offers only two types of support for his claim that Mr. Fox labored under this selfimposed restraint. Defendant first cites a 1990 article in *Legal Times* and a 1998 article in the *Chicago Tribune.* Def. Memo., at n. 3. Both articles comment on how close knit the defense bar is in Washington, D.C. *See* Ann Pelham, "Poindexter Defense: It Ain't Pretty," LEGAL TIMES, Mar. 26, 1990, at 1; Naftali Bendavid & Jan Crawford Greenburg, "Bennett's Legal Plan Under Fire," CHI. TRIB., Jan. 27, 1998, at 1. The *Chicago Tribune* article goes so far as to say this makes the defense bar "reluctant to openly criticize one another." *See* Bendavid & Greenburg, *supra,* at 1.

■ The Court rejects defendant's argument that the articles are acceptable as proof. These vague assertions in newspaper articles may be hearsay and will not sustain the claim of defendant. *See* FED. R.EVID. 801(c); *Metro. Council of NAACP Branches v. FCC,* 46 F.3d 1154, 1165 (D.C.Cir.1995) ("We seriously question whether a New York Times article is admissible evidence of the truthfulness of its contents."). Even if the Court were to accept these statements as evidence, they do not address whether Mr. Fox was laboring under any restraint during the adjudication of the first § 2255 motion of defendant. The newspaper articles only refer to the defense bar as a whole and do not single out any particular lawyer.

Thus, the Court finds that the articles are not sufficient proof to support defendant's claim that Mr. Fox was laboring under a self-imposed restraint that prevented him from criticizing Mr. Hibey.

In addition to the newspaper articles, defendant cites *Hollis v. Davis,* 941 F.2d 1471 (11th Cir.1991), in support of his argument that Mr. Fox's self-restraint constitutes cause for his procedural default. In *Hollis,* trial counsel did not challenge the exclusion of blacks from the jury pool. Trial counsel later testified he did not know that it was illegal to exclude blacks from jury service. *See id.* at 1476. The *Hollis* court lists a number of possibilities for the source of this belief on behalf of counsel, including the "possibility that [trial counsel] knew of the right, but didn't raise it out of fear for his own practice and reputation." *Id.* at 1478. The Eleventh Circuit found that if it is shown that the lawyer did not challenge the jury composition based on fear of social ostracism or loss of clients, this would constitute cause for a procedural default. *See id.* at 1479.

However, the Court finds that defendant's situation can be easily distinguished from the *Hollis* case. Unlike the documented racism in jury selection that trial counsel failed to notice in *Hollis,* defendant alleges that Mr. Fox did not criticize Mr. Hibey because of the close knit defense bar in Washington, D.C. If the Court accepts defendant's argument, then any case litigated by a lawyer from the Washington, D.C. defense bar in which the lawyer does not bring an ineffective assistance of counsel claim against trial counsel would be suspect. It would lay a dangerous precedent for the Court to accept such an argument without any proof specific to the case at hand. Defendant offers no such proof, merely alleging that the fear of professional ostracism must be the explanation for Mr. Fox's failure to raise an

ineffective assistance of counsel claim in defendant's first § 2255 motion. Thus, *Hollis* does not provide the support necessary to advance the argument of defendant.

In addition, it is curious to the Court that defendant offers no explanation as to why his other lawyers on appeal, Theodore Olson, John H. Sturc, and Theodore J. Boutrous, Jr., did not raise the issue of possible professional misconduct by Mr. Fox to the attention of defendant or the Court.[3] Defendant states that these lawyers were limited to those arguments Mr. Fox had raised in the district court and in his brief before the Court of Appeals. *See id.* at n. 13. Yet this argument does not explain why these lawyers would not have raised such a serious allegation of professional misconduct by Mr. Fox to defendant, to the District Court, or to the Court of Appeals. Because defendant provides no explanation why these other members of the bar failed to raise the issue, it decreases the credibility of defendant's argument that Mr. Fox had a restraint that prevented him from criticizing Mr. Hibey.

■ Because defendant fails to offer sufficient proof of a self-imposed restraint that prevented Mr. Hibey of informing defendant of the availability of an ineffective assistance of counsel claim, mere lack of knowledge or failure to raise a claim is insufficient to constitute cause. *See Murray*, 477 U.S. at 486, 106 S.Ct. 2639 ("[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default."). Therefore, the Court finds that defendant has not demonstrated cause.

*McCleskey* does allow a court to issue a writ of habeas corpus when a defendant fails to demonstrate cause. However, "[t]hese are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime. We have described this class of cases as implicating a fundamental miscarriage of justice." *Id.* at 494, 111 S.Ct. 1454.

Defendant asserts that he falls into this very small class of cases for two reasons. First, he argues that his "life sentence was based on false allegations that Hibey did not challenge." Def. Memo., at 68. Second, defendant contends that "Fox unilaterally decided to protect Hibey" and that he "should not have to spend the rest of his life in jail based upon false accusations simply because one member of the D.C. Bar could not bring himself to criticize another." Def. Memo., at 68.

■ The Court finds that defendant falls far short of satisfying the fundamental miscarriage of justice standard. The fundamental miscarriage of justice standard is a very high bar to meet. "This is a narrow exception to the cause-and-prejudice imperative, seldom to be used, and explicitly tied to a showing of actual innocence." *Burks v. Dubois*, 55 F.3d 712, 717

---

3. Defendant's legal representation was not limited to Mr. Fox and his other lawyers on appeal. At a minimum, defendant received legal assistance or was represented by the following attorneys between the time his sentence was imposed and the time he retained his current attorneys to file the present motion: Hamilton P. Fox, III; Marcia R. Isaacson, *see* Defendant's Motion for Resentencing at Exhibits P and R; Theodore B. Olson; John H. Sturc; Theodore J. Boutrous, Jr.; Professor Alan Dershowitz and former Supreme Court Justice Arthur Goldberg, *see Pollard*, 959 F.2d at 1015, 1018; Nancy Luque, *see* 1998 WL 2450301, at 16; and Larry Dub, Defendant's Declaration ("Def.Decl."), at ¶ 56–57. This list does not include those who have provided legal assistance to defendant in their role as amicus curiae.

(1st Cir.1995); *see also Schlup v. Delo*, 513 U.S. 298, 320–21, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Defendant does not argue that he is actually innocent and, thus, he does not qualify to receive a writ of habeas corpus under the fundamental miscarriage of justice exception to the *McCleskey* requirement of showing cause.

 Therefore, because defendant cannot satisfy the pre-AEDPA "cause and prejudice" standard of *McCleskey*, the application of the AEDPA certification requirements to the second § 2255 motion of defendant is not impermissibly retroactive. *See Ortiz*, 136 F.3d at 166. The Court finds that defendant's second § 2255 motion is subject to the certification provisions of AEDPA. Defendant must first move in the appropriate Court of Appeals for an order authorizing the district court to consider the second § 2255 motion of defendant. *See* 28 U.S.C. § 2244(b)(3). Accordingly, this Court declines to entertain the motion of defendant at this time.

## B. The Statute of Limitations

Even assuming arguendo that the certification requirements of AEDPA do not apply to the motion of defendant, this Court finds that the motion of defendant falls outside of the statute of limitations and that the statute of limitations should not be equitably tolled.

## 1. Paragraph Four of § 2255

Effective April 24, 1996, AEDPA enacted a one-year period of limitations on the filing of § 2255 motions. 28 U.S.C. § 2255 states that:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The District of Columbia Circuit has held that § 2255 motions of defendants convicted prior to the enactment of AEDPA must be filed no later than April 24, 1997, unless defendant meets one of the exceptions outlined in paragraphs two through four above. *See United States v. Cicero*, 214 F.3d 199, 205 (D.C.Cir.2000) ("Prisoners whose convictions became final prior to the effective date of the AEDPA had until April 24, 1997 to file a motion for relief under § 2255."). Defendant filed his present motion on September 21, 2000, asserting that Mr. Hibey provided ineffective assistance of counsel.[4] This filing was al-

---

4. Specifically, defendant alleges that Mr. Hibey provided ineffective assistance of counsel because he: (1) failed to file a notice of appeal; (2) failed to argue that the government breached its plea agreement at sentencing; (3) failed to request an adjournment of the sentencing hearing after receiving the Weinberger Supplemental Declaration; (4) failed to adequately rebut the assertions contained in the Supplemental Declaration or demand that the government prove the allegations contained in that declaration at the sentenc-

most three years after April 24, 1997—the date required by the statute. Thus, unless defendant meets one of the exceptions outlined in paragraphs two through four above, his motion must be dismissed as untimely filed.

█ Defendant argues that he meets the exception outlined in paragraph four of § 2255, which would allow him to file his motion within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Defendant argues that he only learned of the facts supporting his claims in March 2000 and that upon learning those facts, he retained his present counsel, Messrs. Eliot Lauer and Jacques Semmelman. He states, "On May 17, 2000, ... [Messrs. Lauer and Semmelman] advised me, *for the first time*, of the material and prejudicial deficiencies in Mr. Hibey's representa-tion of me." Def. Decl., at ¶ 59. It is defendant's theory that he "discover[ed] the 'facts' supporting his claim for ineffective assistance of counsel only when he learn[ed] that at the relevant time and in the relevant jurisdiction there were certain prevailing professional norms and that his attorney deviated from them." Def. Reply Memo., at 15. For example, defendant admits that he knew that Mr. Hibey failed to file a timely notice of appeal many years before he filed the present motion on September 20, 2000, but argues that he did not know that under the prevailing professional norms, Mr. Hibey had a duty to file a notice of appeal until May 2000.[5] Therefore, defendant asserts that because he discovered the facts supporting his petition and filed his motion within one year of May 2000,[6] he meets the exception outlined in paragraph four of § 2255.

---

ing hearing; (5) failed to inform the sentencing judge that defendant was authorized to provide an interview to journalist Wolf Blitzer or demand that the government be forced to prove that the interview was unauthorized; (6) failed to demand a hearing at which the government would have to prove that defendant disclosed classified information during the second interview with Mr. Blitzer; and (7) breached the attorney-client privilege by informing the sentencing judge that defendant had given the interview with Mr. Blitzer against the advice of counsel. Defendant's Reply Memorandum ("Def. Reply Memo."), at 6–7.

5. A review of the declaration of defendant reveals that he knew the acts or omissions of counsel supporting his claim for ineffective assistance of counsel years before May 2000. He was aware at the sentencing hearing that Mr. Hibey did not request an adjournment despite the submission of the Supplemental Declaration of Defense Secretary Caspar Weinberger. Def. Decl., at ¶¶ 15–17. Defendant was aware at the sentencing hearing that his counsel failed to inform the sentencing judge that he had received authorization for his interview with Wolf Blitzer. Def. Decl., at ¶¶ 27–28, 31–33. Defendant had knowledge at the sentencing hearing that Mr. Hibey had "volunteered, inappropriately, that he had advised [defendant] not to submit to the interviews." Def. Decl. at ¶ 28. Defendant also had knowledge that Mr. Hibey did not file an appeal. *See* 1990 Motion of Defendant to Withdraw Guilty Plea, at 1 ("Mr. Pollard did not appeal the judgment of conviction ..."); *Pollard*, 959 F.2d at 1015 (Defendant "did not appeal his conviction.").

6. It is unclear to the Court whether the May 2000 date proposed by defendant is the first time he became aware of a possible ineffective assistance of counsel claim. Defendant states that inmate Edward Jason Robinson first alerted defendant to the possibility of certain legal rights that defendant may have because of the failure of Mr. Hibey to appeal his sentence. Def. Decl., at ¶ 55. It is peculiar that defendant does not provide a date, or even an approximate date, of his conversation with Mr. Robinson. The conversation with Mr. Robinson prompted defendant to request Mr. Larry Dub, a corporate attorney who represented defendant, to investigate Mr. Hibey's failure to appeal. However, it is peculiar that defendant fails to state the date he asked Mr. Dub to commence this investigation. Def. Decl., at ¶ 56. The lack of information provided by defendant as to the dates

The government argues that paragraph four of § 2255 does not apply. The government contends that "the plain language of the statute demonstrates that the limitations period [contained in paragraph four] is tied to the discovery of the *facts* underlying a defendant's claim, not the discovery of the legal significance of those facts." United States' Reply, at 7. In the alternative, the government states that if the Court determines that paragraph four was triggered in this case, defendant cannot show that he exercised "due diligence" in attempting to discover those facts. *See id.* at 14–15.

The Court finds that defendant failed to demonstrate that he filed the present motion within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." First, the Court is not persuaded by defendant's assertion that the discovery of the prevailing professional norms constitutes the discovery of "facts," as set forth in paragraph four of § 2255. Second, even if the Court accepts this argument, defendant has not demonstrated that he exercised due diligence as required by paragraph four of § 2255.

■ First, paragraph four of § 2255 is only triggered when a defendant discovers facts, not the legal consequences of those facts. This Court does not accept defendant's assertion that the prevailing professional norms of a lawyer are facts and, thus, covered by paragraph four. Defendant makes the following claim, relying on language from *Strickland v. Washington,* to support his argument that the prevailing professional norms are facts: "To establish a claim for ineffective assistance of counsel, a defendant 'must identify the

acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.' " Def. Reply Memo., at 14 (quoting *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052). Based on that language from *Strickland,* defendant asserts that both the acts or omissions of counsel and the determination of what is reasonable professional judgment are "facts" under paragraph four of § 2255. Def. Reply Memo., at 14. The Court finds that defendant takes this sentence out of context. The next sentence of the *Strickland* opinion clarifies that the determination of whether counsel exercised reasonable professional judgment is a legal question for a court. *See Strickland,* 466 U.S. at 690, 104 S.Ct. 2052 ("The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance."). The acts or omissions of counsel are facts, but the determination of whether those acts or omissions constituted unreasonable professional judgment is the application of facts to a legal standard. Therefore, the Court rejects defendant's argument that discovery of the prevailing professional norms constitutes facts under paragraph four.

Defendant's only remaining argument is to assert that the application of facts to legal standards triggers the application of paragraph four in § 2255. However, "Section 2255(4) does not postpone the accrual of limitations based on a *pro se* litigant's or an attorney's belated discovery or realization of the *legal consequences* of known facts. Rather, postponed accrual is in order only if the *facts* themselves supporting a legal claim were undiscoverable in a timely fashion, despite due diligence."

of these conversations prevents the Court from deciding when defendant exactly discovered that he had a possible ineffective assis-

tance of counsel claim. However, the Court need not reach the issue of whether this lack of information affects the claim of defendant.

*Fraser v. United States,* 47 F.Supp.2d 629, 630 (D.Md.1999).

Moreover, the clear language of paragraph four does not support the proposed interpretation of defendant. As the *Fraser* court pointed out,

> If Congress had meant for the timely filing provision of Section 2255, as amended by the AEDPA, to be tolled because a defendant or his counsel did not appreciate the legal consequences of known facts, it could have—and would have—said so. It did not. Indeed, it is a well-recognized principle in analogous postponed accrual contexts that it is knowledge of facts, not their legal consequences, that causes the statute to start running.

*Id.* (citing *United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)); *see also Felder v. Johnson,* 204 F.3d 168, 172 (5th Cir.2000) (dismissing equitable tolling argument because "mere ignorance of the law or of statutes of limitations is insufficient to warrant tolling"), *cert. denied,* 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.1999) (noting that "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling").[7] Because the Court rejects defendant's argument that he filed the motion within one year of the date on which he discovered the facts supporting his claims, the Court finds that paragraph four of § 2255 has not been properly triggered by defendant and, thus, his motion is untimely filed.

██ Second, even if the Court were to accept the argument of defendant that he filed his motion within one year of the date on which the facts supporting the claims presented were actually discovered, the Court finds that his motion still does not fall within the statute of limitations. Paragraph four of § 2255 requires that the motion be filed within one year of "the date on which the facts supporting the claim or claims presented *could have been discovered through the exercise of due diligence.*" (emphasis added). Defendant did not exercise due diligence in attempting to discover those facts.

While defendant claims that the alleged deception of the government and Mr. Fox prevented him from discovering these facts and, thus, exercising due diligence, this is not persuasive to the Court. Defendant waited more than thirteen years to file a motion challenging his sentence on these grounds, which undermines a claim of due diligence by defendant. *See, e.g., Celikoski v. United States,* 114 F.Supp.2d 42, 45 (D.R.I.2000) (court found that *pro se* defendant did not demonstrate "due diligence" even though he waited less than two years after his appeal was dismissed to file § 2255 motion); *Plowden v. Romine,* 78 F.Supp.2d 115, 120 (E.D.N.Y. 1999) (court found that *pro se* defendant did not exercise "due diligence" even though he waited less than two years to inquire about the status of appeal and filed his § 2255 motion less than one year after learning that the motion for leave to appeal had been denied); *Zapata v. United States,* Nos. 90 CR 943(AGS), 99 Civ. 00085(AGS), 2000 WL 1610801, at * 3 (S.D.N.Y. Oct. 27, 2000) (court found that defendant failed to demonstrate "due diligence" because he waited three and a half

---

7. The cases cited by defendant in support of his argument address whether a defendant acted with due diligence in discovering the facts supporting the claim. *See Wims v. United States,* 225 F.3d 186, 188 (2d Cir.2000); *Easterwood v. Champion,* 213 F.3d 1321, 1323 (10th Cir.2000); *Lewis v. United States,* 985 F.Supp. 654, 657 (S.D.W.Va.1997). However, this is not the issue at hand.

years to discover that counsel had not filed a notice of appeal and to discover that counsel's performance was allegedly ineffective). Also, defendant was represented by multiple counsel during this time period. *See supra*, n. 3. Defendant's extensive legal representation undermines his theory that the alleged deception of the government and Mr. Fox prevented him from discovering these facts and exercising due diligence. Defendant's conspiracy theory involving the government and Mr. Fox simply does not ring true when defendant was represented by multiple other lawyers. Given the many intervening years since the sentencing of defendant and his extensive legal assistance, the Court finds that the exercise of due diligence would have revealed the facts supporting the claims presented many years before the May 2000 date suggested by defendant.

In conclusion, the Court finds that defendant failed to demonstrate that he filed the present motion within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Thus, because defendant does not meet the requirements of paragraph four of § 2255, defendant's motion is untimely filed.

## 2. Equitable Tolling

In the event the Court finds that he failed to meet the requirements of paragraph four of § 2255, defendant requests that based "on the unique facts of this case, the Court should extend the statute of limitations under the doctrine of equita-

ble tolling, to allow as timely the September 20, 2000 filing of the § 2255 motion." Def. Reply Memo., at 30.[8] The government responds that equitable tolling does not apply to § 2255 motions, and that even if it does, defendant has not demonstrated circumstances warranting such relief.

 The Court finds that Congress did not intend that § 2255 motions be subject to equitable tolling.[9] The intent of Congress to prevent equitable tolling is indicated by the specific provisions in § 2255 to control the statute of limitations. *See* 18 U.S.C. § 2255 ¶ 6 at (2)-(4). The fact that Congress chose to expressly enumerate the circumstances that would start and stop the statute of limitations undermines defendant's argument that Congress also chose to allow non-specified means to toll the statute of limitations. It appears that Congress did not intend for the courts to interpret the statute as permitting other open-ended means of tolling the statute of limitations. Thus, the Court finds that equitable tolling does not apply to motions filed pursuant to § 2255.

 However, even if § 2255 motions were subject to equitable tolling, the present motion does not qualify. Equitable tolling is to be used by the courts "only sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Also, with respect to § 2255 motions, it is to be applied only if "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Alvarez–Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996). Courts have consistently rejected

---

8. Defendant claims he is entitled to equitable tolling because of: (1) the government's alleged falsehoods at sentencing; (2) Mr. Hibey's alleged ineffective assistance of counsel; (3) the deceptive praise by the government of Mr. Hibey's performance; and (4) Mr. Fox's alleged self-imposed restraint that prevented

him from criticizing Mr. Hibey's performance. Def. Reply Memo., at 32.

9. While other circuits have reached the issue of whether § 2255 is subject to equitable tolling, the D.C. Circuit has not. *See Cicero*, 214 F.3d at 202–03.

equitable tolling of the statute of limitations for defendants who: (1) filed their motions in a much shorter time period than Mr. Pollard; (2) were not represented by counsel as Mr. Pollard was and is; and (3) faced much higher obstacles than Mr. Pollard in filing their motion. *See Cicero,* 214 F.3d at 201, 203–04 (equitable tolling request rejected even though *pro se* defendant filed motion only three months late and his work was interrupted because he was stabbed by a fellow inmate, incarcerated in administrative segregation, and denied access to his legal papers for over two months); *United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir.2000) (equitable tolling not allowed even though defendant only filed motion one day late and defense counsel's father had died two weeks before the filing deadline), *cert. denied,* 531 U.S. 878, 121 S.Ct. 188, 148 L.Ed.2d 130 (2000); *Fisher v. Johnson,* 174 F.3d 710, 715–16 (5th Cir.1999) (no equitable tolling allowed—despite the fact that defendant was confined in psychiatric ward, medicated, separated from his glasses and rendered legally blind—because defendant had six months after release from ward to file motion). Defendant cannot establish that "extraordinary circumstances" beyond his control made it "impossible to file a petition on time." *See Cicero,* 214 F.3d at 203.[10] The Court finds it cannot extend the statute of limitations under the doctrine of equitable tolling to allow as timely the September 20, 2000, filing of the § 2255 motion of defendant.

### III. Conclusion

In conclusion, the Court finds that, the second motion of defendant pursuant to § 2255 must be certified by a panel of the appropriate Court of Appeals before this Court can consider it. Thus, this Court must decline to entertain the motion at this time. However, assuming arguendo, that the certification requirements do not apply to defendant, this Court does find that his motion must be dismissed because it falls outside the statute of limitations.

An appropriate judgment accompanies this Memorandum Opinion.

### *JUDGMENT*

For the reasons stated in the accompanying Memorandum Opinion of even date, the Court finds that the motion of defendant for resentencing pursuant to 28 U.S.C. § 2255 cannot be considered and, thus, this Court must decline to entertain said motion. However, assuming arguendo, that the certification requirements do not apply to defendant, this Court finds that his motion must be dismissed because it falls outside the statute of limitations.

Accordingly, it is this day —— of August, 2001,

ORDERED the motion of defendant for resentencing be, and hereby is, dismissed; and it is further

ORDERED that if the certification requirements do not apply to defendant, the motion of defendant be, and hereby is,

---

10. The Court has discussed at length the inadequacy of some of defendant's allegations. *See supra* Part II, A; *see also Pollard,* 747 F.Supp. at 804 ("In short, the government kept its promise."); *Pollard,* 959 F.2d at 1024 ("[W]e do not think that ... the government violated its promise to recommend a life sentence."). However, even if the Court assumes that the allegations of defendant are true, the Court finds they do not rise to the level of

"extraordinary circumstances" that prevented defendant from filing his motion in a timely manner. In addition, defendant offers no explanation for why these extraordinary circumstances prevented him from filing his motion in any of the intervening years between 1990 and 2000. Without an adequate explanation, the Court cannot apply equitable tolling to the motion of defendant.

dismissed because it falls outside of the Statute of Limitations.